No. 23-35136

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MAVERICK GAMING LLC,
*Plaintiff/Appellant*,

v.

UNITED STATES OF AMERICA, et al.,
*Defendants/Appellees,*

SHOALWATER BAY TRIBE,
*Intervenor-Defendant/Appellee*.

Appeal from the United States District Court
for the Western District of Washington
No. 3:22-cv-05325-DGE (Hon. David G. Estudillo)

**FEDERAL APPELLEES' SUPPLEMENTAL EXCERPTS OF RECORD**
(VOLUME 1 OF 1)

Of Counsel:

JODY H. SCHWARZ
*Senior Attorney*
U.S. Department of the Interior

TODD S. KIM
*Assistant Attorney General*
REBECCA M. ROSS
AMBER BLAHA
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-5568
Amber.blaha@usdoj.gov

## INDEX

| Document | District Court ECF No. | ER Pages |
|---|---|---|
| Shoalwater Bay Tribe's Motion for Limited Intervention | 68 | FedSER 3-22 |
| Declaration of Charlene Nelson in Support of the Shoalwater Bay Indian Tribe Motion to Dismiss | 68-2 | FedSER 23-25 |

**HONORABLE DAVID G. ESTUDILLO**

1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

11
12
13
14

MAVERICK GAMING LLC,

              Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

              Defendants.

Case No.: 22-cv-05325-DGE

**SHOALWATER BAY TRIBE'S MOTION FOR LIMITED INTERVENTION**

**Note on Motion Calendar: August 19, 2022**

**ORAL ARGUMENT REQUESTED**

15
16
17
18
19
20
21
22
23
24
25
26
27
28

FedSER-3

# **TABLE OF CONTENTS**

I. BACKGROUND AND CONTEXT ......................................................................................2

   A.  Statutory and Historical Context. ...........................................................................2

   B.  B. The Instant Suit ................................................................................................3

II. ARGUMENT ..................................................................................................................3

   A.  The Tribe Should Be Granted Permissive Intervention.........................................5

   B.  The Tribe Is Entitled to Intervene as of Right .....................................................7

     i.  Timeliness .......................................................................................................8

     ii.  Significant Protectable Interest .......................................................................8

     iii. Impairment ......................................................................................................9

     iv. Adequate Representation..................................................................................10

       a. State Defendants and Federal Defendants Will Not Make the Tribe's Arguments........10

       b. The Tribe Will Offer Necessary Elements that the Federal Defendants and the State

          Defendants Will Neglect..........................................................................................11

III. CONCLUSION ..............................................................................................................12

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-4

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aguayo v. Jewell*,
    827 F.3d 1213 (9th Cir. 2016) ..................................................................................9

*American Greyhound Racing, Inc. v. Hull*,
    305 F.3d 1015 (9th Cir. 2002) ............................................................................6, 12

*Backcountry Against Dumps v. U.S. Bureau of Indian Affairs*,
    2021 WL 2433942 (S.D. Cal. 2021).........................................................................4

*California v. Cabazon Band of Mission Indians*,
    480 U.S. 202 (1987) ................................................................................................11

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*,
    647 F.3d 893 (9th Cir. 2011) .........................................................................6, 8, 10

*Confed. Tribes of Chehalis Indian Reservation v. Lujan*,
    928 F.2d 1496 (9th Cir. 1991) ..................................................................................4

*Dawavendewa v. Salt River Project Agr. & Power Dist.*,
    276 F.3d 1150 (9th Cir. 2002) .............................................................................7, 9

*Diné Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*,
    932 F.3d 843 (9th Cir. 2019) ..............................................................................4, 11

*Enter. Mgmt. Consultants, Inc. v. United States*,
    883 F.2d 890 (10th Cir. 1989) ..................................................................................7

*Friends of Amador County*,
    554 Fed. Appx. 562 (9th Cir. 2014) .......................................................................11

*Kickapoo Tribe of Indians of Kickapoo Reservation in Kan. v. Babbitt*,
    43 F.3d 1491 (D.C. Cir. 1995)..................................................................................9

*Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*,
    523 U.S. 751 (1998) ..................................................................................................4

ii

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-5

*Kootenai Tribe of Idaho v. Veneman*,
  313 F.3d 1094 (9th Cir. 2004) ....................................................................6

*Low v. Altus Fin. S.A.*,
  44 F. App'x 282 (9th Cir. 2002) .................................................................6

*McClendon v. United States*,
  885 F.2d 627 (9th Cir. 1989) .....................................................................7

*MGM Global Resorts Dev. LLC v. Dept. of the Interior*,
  2020 WL 5545496 (D. D.C. 2020) .......................................................7, 11

*Michigan v. Bay Mills Indian Cmty.*,
  572 U.S. 782 (2014) ...............................................................................3, 4

*No Casino in Plymouth v. Nat'l Indian Gaming Comm'n*,
  2022 WL 1489498 (E.D. Cal. 2022) ......................................................4, 6

*Nooksack Indian Tribe v. Zinke*,
  321 F.R.D. 377 (W.D. Wash. 2017) ............................................................6

*Nw. Forest Res. Council v. Glickman*,
  82 F.3d 825 (9th Cir. 1996) .......................................................................5

*Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*,
  960 F.3d 603 (9th Cir. 2020) ...................................................................7, 9

*Okla. Tax Comm'n v. Citizen Band Potawatomi Tribe of Okla.*,
  498 U.S. 505 (1991) ...................................................................................3

*Pit River Home & Agric. Coop. Ass'n v. United States*,
  30 F.3d 1088 (9th Cir. 1994) .....................................................................7

*Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. United States*,
  921 F.2d 924 (9th Cir. 1990) .....................................................................8

*Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*,
  327 F. Supp. 2d 995 (W.D. Wis. 2004) ......................................................5

*Shermoen v. United States*,
  982 F.2d 1312 (9th Cir. 1992) ..................................................................10

iii

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-6

*United States v. City of Los Angeles,*
   288 F.3d 391 (9th Cir. 2002) ............................................................5, 8

*United States v. Oregon,*
   745 F.2d 550 (9th Cir. 1984) ............................................................6

*United States v. Spokane Tribe,*
   139 F.3d 1297 (9th Cir. 1998) ......................................................11, 12

*United States v. Wheeler,*
   435 U.S. 313 (1978) ............................................................3

*W. Watersheds Project v. Haaland,*
   22 F. 4th 828 (9th Cir. 2022) ............................................6, 7, 9, 10

*Wash. State Bldg. & Constr. Trades Council, AFL-CIO v. Spellman,*
   684 F.2d 627 (9th Cir. 1982) ............................................................5

*White v. Univ. of Cal.,*
   765 F.3d 1010 (9th Cir. 2014) ............................................................10

*Wilderness Soc'y v. U.S. Forest Serv.,*
   630 F.3d 1173 (9th Cir. 2011) ............................................................6

*Zych v. Wrecked Vessel Believed to Be the Lady of Elgin,*
   960 F.2d 665 (7th Cir. 1992) ............................................................5

**Statutes**

25 U.S.C. § 2710(d)(3)(A) ............................................................3

Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701–2721 ............................................................2

Wash. Rev. Code § 9.46.360 ............................................................2

**Rules**

Fed. R. Civ. P. 19(a)(1)(A) ............................................................10

Fed. R. Civ. P. 12(b)(7) ............................................................passim

Fed. R. Civ. P. 19 ............................................................passim

Fed. R. Civ. P. 24 ............................................................5, 6

iv

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-7

Fed. R. Civ. P. 24(a) ...........................................................................................1, 7, 10, 12

Fed. R. Civ. P. 24(b) ...........................................................................................1, 5, 7, 12

**Constitutional Provisions**

U.S. Const. art. I, § 8, cl. 3 ...........................................................................................3

v

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-8

In this action, Plaintiff Maverick Gaming LLC ("Maverick") seeks to halt the gaming activities of proposed limited intervenor, the Shoalwater Bay Indian Tribe of the Shoalwater Bay Indian Reservation ("Shoalwater Bay Tribe" or "Tribe") on its tribal lands, to deprive the Tribe of its rights under federal law, and to invalidate its gaming compact (together with its amendments, the "Compact") with the State of Washington (the "State")—all without even naming the Tribe as a defendant. Instead, Maverick sues the United States, various Federal officials (collectively "Federal Defendants"), and various officials of the State of Washington ("State Defendants"). With its substantial rights at stake, the Tribe is a necessary party to this action, and the Tribe now specially appears and moves for permissive intervention under Fed. R. Civ. P. 24(b) for the limited purpose of moving to dismiss under Rules 12(b)(7) and 19. In the alternative, the Tribe moves to intervene as of right under Rule 24(a) for the same limited purpose.[1] The Tribe attaches as Exhibit A, the [Proposed] Motion to Dismiss, which the Tribe intends to file with this Court immediately if this Court grants the Tribe limited intervenor status.

For avoidance of doubt, by intervening in this action for the limited purpose of moving to dismiss under Rules 12(b)(7) and 19, the Tribe does not waive, and reserves in full, its sovereign immunity. Nothing herein shall be construed as a waiver, in whole or in part, of the Tribe's immunity, or as the Tribe's consent to be sued, and the legal counsel for the Tribe, undersigned, lack authority to waive the Tribe's immunity or consent to the jurisdiction of this Court.

---

[1] The Federal Defendants take no position on the Tribe's motion for limited intervention. The State Defendants consent to permissive intervention under Rule 24(b) and take no position on the Tribe's intervention under Rule 24(a). Maverick opposes the Tribe's motion for limited intervention.

1

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-9

## I.    BACKGROUND AND CONTEXT

### A.  Statutory and Historical Context.

At issue in this litigation is the Tribe's Compact, and those compacts entered by the twenty-eight other federally recognized tribes in Washington , entered into pursuant to the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701–2721, and pursuant to Washington State law.  Wash. Rev. Code § 9.46.360.  The background and intent in the passage of those statutes are more fully set forth in the Tribe's [Proposed] Motion to Dismiss, Exhibit A hereto at 2-4.

Proposed intervenor Shoalwater Bay Tribe is compelled to seek limited intervention because its Compact is one of the agreements that Maverick's Complaint seeks to "void". The Shoalwater Bay Tribe is a small rural tribe. Its government relies heavily on the gaming facility's revenues, and the tribal community relies on the facility as a major source of local employment. Both risk being destroyed if Maverick, which is owned by one of the Tribe's own members, succeeds in this litigation. The Compact and the amendments thereto, which Maverick seeks to destroy, brought an end to a decade of acrimonious dispute between the Tribe and both the Federal and State Defendants, including litigation resulting in the United States efforts to shutter the Tribe's gaming facility. Accordingly, the Tribe is compelled to seek limited intervention to protect its interests from Maverick's claims. The history of the Tribe and its relationship with the State Defendants and Federal Defendants is more fully set forth in the Tribe's [Proposed] Motion to Dismiss, Exhibit A hereto at 5-9, and the supporting Declaration of Chairperson Charlene Nelson, Exhibit B, thereto.

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-10

**B.    The Instant Suit**

On July 1, 2022, Maverick filed a First Amended Complaint ("FAC"), Dkt. 66, in this Court, making a sweeping request for declaratory and injunctive relief to prohibit Class III gaming on Shoalwater Bay Indian lands.  More specifically, Maverick's FAC seeks, inter alia:

(1) a declaration that the Tribe's Compact (and all such Compacts and amendments between the State and twenty-nine federally recognized Indian tribes) are "void, were not validly entered into, and are not in effect." FAC, Dkt. 66 at 40, prayer for relief at ¶ 207 (1);

(2) a declaration that the "Tribes' class III gaming activities violate IGRA." FAC, Dkt. 66 at 40, prayer for relief at ¶ 207 (4); and

(3) an order "enjoining the continued administration of the Compacts and Compact Amendments by the members of the Washington State Gambling Commission." FAC, Dkt. 66 at 40, prayer for relief at ¶ 207 (6).

Despite seeking relief against the Tribe, and despite the fact that federal law expressly recognizes the Tribe's direct interest in its Compact, *see* 25 U.S.C. § 2710(d)(3)(A), Maverick did not name the Tribe—or any other Indian tribe—as a defendant.  Thus, to protect its substantial interests in this matter, the Tribe now moves for leave to intervene under Rule 24 for the purpose of moving to dismiss under Rule 12(b)(7) and Rule 19.  As the Tribe explains in the appended proposed motion, *see* Exhibit A at 10-24, because the Tribe is a required party, and because the Tribe is protected by sovereign immunity and cannot be joined, this action must be dismissed.

**II.    ARGUMENT**

Indian tribes are "domestic dependent nations" that exercise "inherent sovereign authority." *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 788 (2014) (quoting *Okla. Tax Comm'n v. Citizen Band Potawatomi Tribe of Okla.*, 498 U.S. 505, 509 (1991)).  "Thus, unless and 'until Congress acts, the tribes retain' their historical sovereign authority." *Id.* (quoting *United States v. Wheeler*, 435 U.S. 313, 323 (1978)); *see also* U.S. Const. art. I, § 8, cl. 3 (authorizing Congress to "regulate Commerce . . . with the Indian Tribes"); *see also Bay Mills Indian Cmty*,

3

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-11

572 U.S. at 789 (sovereign immunity extends to bar suit whether on or off-reservation, whether or not the action concerns commercial activity). As such, "[a]s a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998).

Maverick seeks sweeping relief against the Tribe that would cripple the Tribe's economy, jeopardize government services, and deprive the Tribe of its Compact rights. But Maverick cannot sue the Tribe due to sovereign immunity. *Bay Mills Indian Cmty.*, 572 U.S at 788–89. To sidestep this bar, Maverick seeks to proceed against other entities to indirectly obtain the relief that it cannot obtain directly.

The Federal Rules of Civil Procedure forbid this sleight of hand. Under Rules 12(b)(7) and 19, when an absent party like the Tribe is both "required" and "indispensable" to the action and cannot be joined due to sovereign immunity, the action must be dismissed. *E.g.*, *Diné Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843, 850 (9th Cir. 2019); *Confed. Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498-1500 (9th Cir. 1991)[2]. Rule 24 provides non-party tribes with the means to intervene for the limited purpose of asserting that argument. *Diné Citizens*, 932 F.3d at 847-48 (upholding dismissal of action for inability to join immune tribal party, where tribal party had "intervened in the action for the limited purpose of moving to dismiss" under Rule 19); *No Casino in Plymouth v. Nat'l Indian Gaming Comm'n*, 2022 WL 1489498 at *9-10 (E.D. Cal. 2022) (appeal pending); *Backcountry Against Dumps v. U.S. Bureau of Indian Affairs*, 2021 WL 2433942 at *2-3 (S.D. Cal. 2021) (appeal pending); *MGM*

---

[2] Many of the cases cited in support of the Tribe's Motion were issued prior to 2007. When Rule 19 was amended in 2007, the word 'necessary' was replaced by the word 'required' and the word 'indispensable' was removed. The changes were intended to be 'stylistic only' and "the substance and operation of the Rule both pre- and post-2007 are unchanged." *Republic of Philippines v. Pimental*, 553 U.S. 853, 855-56; *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 969 n.6 (9th Cir. 2008).

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-12

*Global Resorts Dev. LLC v. Dept. of the Interior*, 2020 WL 5545496 (D. D.C. 2020). Limited intervention is also appropriate because it preserves the sovereign immunity that the Tribe seeks to vindicate through its Rule 19 motion. *See Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 327 F. Supp. 2d 995, 1000 (W.D. Wis. 2004) (entities that have sovereign immunity may intervene for a limited purpose, such as moving to dismiss the lawsuit for failure to join an indispensable party, without waiving their sovereign immunity), *aff'd*, 422 F.3d 490 (7th Cir. 2005); *Zych v. Wrecked Vessel Believed to Be the Lady of Elgin*, 960 F.2d 665, 667-68 (7th Cir. 1992) (intervention by a state for limited purpose of moving to dismiss suit for lack of jurisdiction did not result in a waiver of its immunity).

### A. The Tribe Should Be Granted Permissive Intervention

Under Rule 24(b), permissive intervention should be granted where (i) the applicant's motion is timely; and (ii) "the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."[3] *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002) (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). Courts must afford these two requirements a "liberal construction in favor of applicants for intervention." *Wash. State Bldg. & Constr. Trades Council, AFL-CIO v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982). The Tribe easily satisfies both requirements.

The Tribe's intervention motion is timely. To determine whether a Rule 24 motion is timely, courts evaluate three factors: "(1) the stage of the proceeding at which the applicant seeks

---

[3] The Tribe does not need to demonstrate an independent basis for jurisdiction. Rule 24(b)'s independent-jurisdiction requirement prevents intervenors from destroying or unduly enlarging federal jurisdiction over state-law claims. *Freedom from Religion Found. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011). Thus, the requirement "does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims." *Id.* (emphasis added). This is a federal-question case. FAC, Dkt. 66 at ¶ 25. Because the Tribe is intervening for the limited purpose of moving for joinder and dismissal—not to bring new claims—the independent-jurisdiction requirement does not apply. *Freedom from Religion Found.*, 644 F.3d at 844.

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

to intervene; (2) the prejudice to other parties; and (3) the reason for and length of delay." *W. Watersheds Project v. Haaland*, 22 F. 4th 828, 836 (9th Cir. 2022). All three factors favor intervention here. The Tribe has intervened at the earliest possible stage of the proceeding—less than a month after Maverick filed its FAC, Dkt. 66, on July 5, 2022. By contrast, courts regularly hold that intervention motions are timely even years after a complaint is filed. *See, e.g.*, *Low v. Altus Fin. S.A.*, 44 F. App'x 282, 284 (9th Cir. 2002) (three years); *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (fourteen years); *No Casino in Plymouth*, 2022 WL 1489498 at *9-10 (four years). And because no party has responded to that complaint, no party could possibly be prejudiced by intervention. *See, e.g.*, *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

The Tribe's proposed defense and the main action share common questions of fact and law. The factual commonality between the Tribe's defense and Maverick's complaint could not be any closer. The Tribe's interest in this litigation "arises from the same set of facts as Plaintiff's claims." *Nooksack Indian Tribe v. Zinke*, 321 F.R.D. 377, 383 (W.D. Wash. 2017) (emphasis added). The Tribe, its Compact, and its gaming operations are all named and described in Maverick's FAC. Dkt. 66 at ¶¶ 78, 79, 88. Moreover, the Tribe is "assert[ing] an interest in" the very same Compact that Maverick seeks to "void," and the very same gaming operations that Maverick intends to stop by bringing this lawsuit. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2004), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011); FAC, Dkt. 66 at ¶ 207(1), (4). This is more than sufficient to create Rule 24 factual commonality. *See, e.g.*, *Kootenai Tribe of Idaho*, 313 F.3d at 1110–11. Moreover, the analogous federal case law regarding Rule 19 is clear that where a lawsuit seeks to invalidate a contract, the parties to that contract are required and indispensable parties. *See* e.g., *American Greyhound*

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-14

*Racing, Inc. v. Hull*, 305 F.3d 1015,1022-23 (9th Cir. 2002) (tribes had "substantial" interest sufficient for Rule 19 purposes in renewal of their compacts)*; McClendon v. United States*, 885 F.2d 627, 633 (9th Cir. 1989) (non-party tribe in action seeking to enforce lease agreement it signed); *Enter. Mgmt. Consultants, Inc. v. United States*, 883 F.2d 890, 893 (10th Cir. 1989) (non-party tribe in action seeking to invalidate its contracts); *Dawavendewa v. Salt River Project Agr. & Power Dist.*, 276 F.3d 1150, 1156-57 (9th Cir. 2002) ("No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or contract, all parties who may be affected by the determination of the action are indispensable."). It follows that such non-party tribes satisfy the commonality requirements of Rule 24(b).

The Tribe's defense also shares legal commonality with Maverick's claims. An intervening defendant establishes Rule 24(b) commonality when its defense is "directly responsive" to a plaintiff's claim. *Id.* at 1110. Here, the Tribe's proposed request for Rule 12(b)(7) and Rule 19 dismissal is a complete bar to all of Maverick's claims. Because the Tribe is a required and indispensable party, and its sovereign immunity deprives this court of subject-matter jurisdiction, it squarely prohibits the relief which Maverick seeks. *See Pit River Home & Agric. Coop. Ass'n v. United States*, 30 F.3d 1088, 1100-03 (9th Cir. 1994).

### B. The Tribe Is Entitled to Intervene as of Right

Even if permissive intervention is not warranted, the Tribe is entitled to intervene as of right under Rule 24(a). Under Rule 24(a), "a nonparty is entitled to intervention as of right when it (i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties." *W. Watersheds Project*, 22 F. 4th at 835 (quoting *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020)).

7

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-15

The rule, again, "is construed broadly, in favor of the applicants for intervention." *Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. United States*, 921 F.2d 924, 926 (9th Cir. 1990). The Tribe satisfies each of the four requirements for intervention as of right under Rule 24(a) and is entitled to intervene for the limited purpose of dismissing this action under Rules 12(b)(7) and 19.

### i. Timeliness

First, this motion is timely. As explained above, the Tribe has intervened at the earliest possible stage of the proceedings. Because no response to the complaint has been filed, no party would be prejudiced by the Tribe's limited intervention in this matter. *See, e.g.*, *Citizens for Balanced Use*, 647 F.3d at 897.

### ii. Significant Protectable Interest

Second, Rule 24(a) intervenors must have an interest that is "significantly protectable," meaning that it is "protectable under some law" and that there is a "relationship between [the applicant's] legally protected interest and the plaintiff's claims." *City of Los Angeles*, 288 F.3d at 398. The Tribe's interests in this matter could not be more clear and protectible. The Tribe has federal rights to conduct Class III gaming on its own lands, rights to its Compact, which federal law expressly recognizes, and the right to sovereign immunity as a domestic dependent nation. As discussed above, where the complaint seeks to invalidate a contract with a non-party, or impair a contracting non-party's interest in the contract, those protectable interests warrant dismissal under Rule 19. It follows that such non-parties to contracts at issue have significant protectable interests that warrant intervention under Rule 24(a).

Nor could the "relationship between [those] legally protected interest[s] and the plaintiff's claims" be any more direct: Maverick brought this action to infringe all of the Tribe's interests in

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

1  this matter.  Maverick's own prayer for relief seeks to "void" the Tribe's Compact, to declare its

2  gaming activities are "illegal" and to "enjoin" the administration of the Compact  FAC, Dkt. 66 at

3  40, prayer for relief ¶¶ 207 (1), (4) and (6).

### iii.  Impairment

6  Third, all of the Tribe's interests would clearly be "impaired by the disposition of the

7  action" in Maverick's favor. *W. Watersheds Project*, 22 F.4th at 835 (quoting *Oakland Bulk &*

8  *Oversized Terminal*, 960 F.3d at 620).  Nullification of the Tribe's Compact would directly impair

9  the Tribe's rights in its Compact.  Clearly, a sovereign "has an interest in the validity of a compact

10 to which it is a party, and this interest would be directly affected by . . . relief" that purports to

11 affect the validity of the compact. *Kickapoo Tribe of Indians of Kickapoo Reservation in Kan. v.*

12 *Babbitt*, 43 F.3d 1491, 1495 (D.C. Cir. 1995).

14 Voiding the Tribe's Compact could also deprive the Tribe of the legal basis for Class III

15 gaming, threatening to leave the Tribe to once again face the risks of its gaming equipment being

16 seized or the NIGC issuing a closure order, which would leave the Tribe without the means to

17 support core governmental functions.

19 Finally, Maverick's efforts to make an "'end run' around tribal sovereign immunity" would

20 impair the Tribe's immunity. *Aguayo v. Jewell*, 827 F.3d 1213, 1222 (9th Cir. 2016).  It is well

21 established that plaintiffs cannot "circumvent the barrier of sovereign immunity by merely

22 substituting" other parties or officials "in lieu of the Indian tribe." *Dawavendewa* 276 F.3d at

23 1160. That is because sovereign immunity protects a tribe's ability to "govern [its] reservation,"

24 and suits that indirectly attack a Tribe's "ability to negotiate contracts" go to the heart of that core

25 sovereign right. *Id.* at 1157.

9

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-17

### iv. Adequate Representation

Finally, the Tribe is not adequately represented by the other parties in the case. At the Rule 24 stage, "[t]he burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *W. Watersheds Project*, 22 F.4th at 840 (emphasis added) (quoting *Citizens for Balanced Use*, 647 F.3d at 898). In evaluating whether this "minimal" threshold is met, courts consider "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* (emphasis added) (quoting *Citizens for Balanced Use*, 647 F.3d at 898).[4] These factors are satisfied here.

### a. State Defendants and Federal Defendants Will Not Make the Tribe's Arguments

The first and second factors are satisfied here because no defendant has moved under Rule 12(b)(7) or 19 for failure to join the Tribe, or otherwise raised the Tribe's sovereign immunity. No defendant has indicated in filings, during the April 28, 2022 status conference, or in the scheduling order, that it would make such a motion. And in the process of conferring with the parties in advance of filing this motion, none of the parties—not the United States, not the State, and certainly not Maverick—stated they would raise this Rule 19 issue if the Tribe did not. That

---

[4] These factors apply to determine inadequacy of representation in both the Rule 24 and Rule 19 context. *See Shermeon v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992) ("In assessing an absent party's necessity under Fed.R.Civ.P. 19(a), the question whether that party is adequately represented parallels the question whether a party's interests are so inadequately represented by existing parties as to permit intervention of right under Fed.R.Civ.P. 24(a)."). However, the Rule 24 standard is more liberal standard, as it imposes only a "minimal" burden on a party seeking intervention to show that representation of its interests 'may be' inadequate, *see W. Watersheds*, 22 F.4th at 840-41 (quoting *Citizens for Balanced Use*, 647 F.3d at 898), while Rule 19 requires a court to "determine whether the absent party has a 'legally protected interest' in the subject of the action and, if so, whether the party's absence will 'impair or impede' that interest," *White v. Univ. of Cal.*, 765 F.3d 1010, 1026 (9th Cir. 2014) (quoting Fed. R. Civ. P. 19(a)(1)(A)).

10

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-18

factor itself demonstrates that their interests diverge from the Tribes. *Friends of Amador County*, 554 Fed. Appx. 562, 564 (9th Cir. 2014). Nor has any defendant raised the argument that constitutional defects in IGRA cannot deprive Tribes of their sovereign rights to govern gaming as established in *California v. Cabazon Band of Mission Indians*, 480 U.S. 202, 216, 221–22 (1987). *See United States v. Spokane Tribe*, 139 F.3d 1297 (9th Cir. 1998) (vacating injunction of tribal gaming and remanding for further proceedings in light of Supreme Court holding a portion of IGRA unconstitutional).

### b. The Tribe Will Offer Necessary Elements that the Federal Defendants and the State Defendants Will Neglect.

The third factor is satisfied here because of real or potential conflicts of interest between the Tribe and the parties with respect to issues in the case. Of course, Maverick seeks to shut down Class III gaming on the Tribe's reservation, and thus can be expected to actively oppose the Tribe's interests in this matter. Further, the other named Defendants in this case cannot be counted upon to represent the Tribe.

The Federal Defendants do not adequately represent the Tribe. *Dine Citizens*, 932 F.3d at 847-48, informs that this Court should determine adequacy of representation by looking to the relative position between the parties and the non-parties if the plaintiffs' requested relief is granted. (Although *Dine Citizens* was a Rule 19 case, its analysis of inadequate representation is properly applied in the Rule 24 context, *see supra* at n.*, but should be applied in light of Rule 24's lenience in favor of intervention.)

The United States and its officers' "overriding obligation" is to comply with federal law. *Diné Citizens*, 932 F.3d at 855. "This interest differs in a meaningful sense from" the Tribe's sovereign interest in ensuring that its gaming operations "continue to operate and provide profits to" the tribal government. *Id.*; *accord, e.g.*, *MGM Global Resorts Dev.*, 2020 WL 5545496, at *5.

11

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5569

FedSER-19

Those interests can and do diverge—just as they did when the Federal Defendants took action to stop the Tribe from conducting Class III gaming activities on its tribal lands, as more fully discussed in Exhibit A at 5-9. Past experience thus shows that granting the relief that Maverick seeks would create conflict between the Tribe and the Federal Defendants. For example, the United States may take enforcement action to stop the Tribe's gaming following a court order granting such relief, while the Tribe would resist such an effort. *See Spokane Tribe*, 139 F.3d at 1297 Accordingly, the Federal Defendants are not able to adequately represent the interests of the Tribe.

Finally, it is black letter law in the Ninth Circuit that a State cannot represent a Tribe's interest in a dispute over tribal gaming. *American Greyhound Racing, Inc.*, 305 F.3d at 1023, n.5, is the controlling case in the Ninth Circuit on the inadequacy of the State to represent the interest of absent tribes – and although decided in the Rule 19 context, its reasoning is even more compelling here, under the more-lenient Rule 24 inadequate representation test. In *Greyhound Racing*, a commercial racetrack filed a lawsuit against then-Arizona Governor Hull seeking to invalidate the gaming compacts Arizona had reached with several tribes. The Court noted "the State and the tribes have often been adversaries in disputes over gaming, and the State owes no trust duty to the tribes" and noted the "Governor's and the tribes' interests under the compacts are potentially adverse," *Id.* Those circumstances are also present here, and so the State Defendants are not able to adequately represent the interests of the Tribe.

## III. CONCLUSION

For the foregoing reasons, the Tribe respectfully requests to intervene under Rule 24(b) or Rule 24(a) for the limited purpose of moving to dismiss pursuant to Rules 19 and 12.

Respectfully submitted this 3rd day of August, 2022.

12

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-20

1

2

3    *s/ Scott Crowell*

SCOTT CROWELL (WSBA No. 18868)

4    CROWELL LAW OFFICES-TRIBAL
ADVOCACY GROUP

5    1487 W. State Route 89A, Suite 8
Sedona, AZ 86336

6    Telephone: (425) 802-5369
Fax: (509) 290-6953

7    Email: scottcrowell@hotmail.com

8

LAEL ECHO-HAWK (WSBA No. 34525)

9    MThirtySix, PLLC
700 Pennsylvania Avenue SE

10   The Yard – 2nd Floor
Washington, D.C. 20003

11   Telephone: (206) 271-0106
Email: Lael@MThirtySixPLLC.com

12

13

14   *Attorneys for Limited Intervenors*
*Shoalwater Bay Tribe*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-21

# CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2022, I filed the foregoing MOTION FOR LIMITED INTERVENTION with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record in this matter.

DATED: August 3, 2022

*s/ Scott Crowell*
SCOTT CROWELL (WSBA No. 18868)
CROWELL LAW OFFICES-TRIBAL
ADVOCACY GROUP
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Telephone: (425) 802-5369
Fax: (509) 290-6953
Email: scottcrowell@hotmail.com

Motion for Limited Intervention
Case No.: 22-cv-05325-DGE

Crowell Law Office-Tribal Advocacy Group
1487 W. State Route 89A, Ste. 8, Sedona AZ, 86336
Tel: (425) 802-5369

FedSER-22

**HONORABLE DAVID G. ESTUDILLO**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| MAVERICK GAMING LLC, | Case No.: 22-cv-05325-DGE |
| Plaintiff, | |
| v. | **DECLARATION OF CHARLENE NELSON IN SUPPORT OF THE SHOALWATER BAY INDIAN TRIBE MOTION TO DISMISS** |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

I, CHARLENE NELSON declare:

1.  I am the elected Chairwoman of the Shoalwater Bay Indian Tribe ("Tribe"). I make this Declaration in support of the Tribe's Motion to Dismiss. I have served on the Shoalwater Bay Indian Tribe Tribal Council for sixteen years. I have personal knowledge of the facts stated below and would be competent to testify to them in court.

2.  The Tribe is a federally-recognized tribe located in Tokeland, Washington on the

Declaration of Charlene Nelson
Case No. 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Offices-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Tel: (425) 802-5369

FedSER-23

Shoalwater Bay Indian Tribe Reservation. The Reservation was created in 1866 by an Executive Order signed by President Andrew Johnson.

3. As Chairwoman of the Tribe, I am the presiding officer over the Tribal Council, and am the highest-ranking officer among the tribal officers. I make this declaration based on my role as a Tribal member and as the highest-elected official of the Tribe.

4. The Constitution of the Tribe Article VI, Section 1(s) delegates sole authority to the Tribal Council to assert sovereign immunity as a defense and to waive the sovereign immunity of the Tribe.

5. The Tribal Council has not waived its sovereign immunity in this matter nor has it consented to this Court's jurisdiction to hear the claims brought by the Plaintiff. The Tribal Council has not authorized any tribal officials or representatives, including the Tribe's legal counsel representing the Tribe in this litigation, to waive the Tribe's immunity or otherwise consent to this Court's jurisdiction.

6. In 2007, the Tribe incorporated Willapa Bay Enterprises ("WBE") to build a stronger economic base. Today, WBE operates the Shoalwater Bay Casino, a restaurant, gas station, a small motel and conference center, oyster company and liquor store.

7. Collectively, the WBE employs 120 employees, thirty percent (30%) of whom are tribal members, tribal spouses or their immediate family, jobs that are critically needed in our rural community

8. The Shoalwater Bay Casino provides a gathering place for the Tribe and members of our local community who do not otherwise have entertainment and relaxation options in our small town.

9. The Tribe and its tribal members are proud of the investment and growth of the WBE in

2

Declaration of Charlene Nelson
Case No. 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Offices-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Tel: (425) 802-5369

FedSER-24

our town.

10. I have reviewed the pleading entitled Tribe's [Proposed] Motion to Dismiss, including that section entitled "Historical Context: Shoalwater Bay Indian Tribe" at pages 4 – 9, and upon information and belief, understand the factual statements therein to be true.

11. Attached hereto as Ex. B-1 is a true and correct copy of the following newspaper article: Arthur Santana & Jack Broom, *Shoalwater Tribe, Marshals Face Off—Agents Start to Confiscate Slot Machines*, SEATTLE TIMES, Sept. 23, 1998. .

12. Attached hereto as Ex. B-2 is a true and correct copy of the Order Deferring Decision and Staying Proceedings on Reconsideration Motion, August 23, 2001 issued by United States Department of the Interior Office of Hearings and Appeals, Docket No. NIGC 99-2.

13. Attached hereto as Ex. B-3 are true and correct copies of "Maverick Gaming Press Releases of June 14, 2019; June 27, 2019; August 19, 2019; and October 1, 2019".

14. Attached hereto as Ex. B-4 is a true and correct copy of SHOALWATER BAY INDIAN TRIBE CONSTITUTION.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___3 rd___ Day of August, 2022.


_Charlene Nelson_
CHARLENE NELSON, Chairwoman
Shoalwater Indian Bay Tribe

3

Declaration of Charlene Nelson
Case No. 22-cv-05325-DGE

Scott D. Crowell
Crowell Law Offices-Tribal Advocacy Group
1487 W. State Route 89A, Suite 8
Sedona, AZ 86336
Tel: (425) 802-5369

FedSER-25