# CROWELL LAW OFFICE
## Tribal Advocacy Group

March 20, 2024

VIA ECF

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

*Re: Response to March 15, 2024 Rule 28(j) Letter in Maverick Gaming LLC v. United States, No. 23-35136; Oral Argument Scheduled March 27, 2024*

Dear Ms. Dwyer:

Appellee/Limited Intervenor Shoalwater Bay Indian Tribe respectfully submits this Rule 28(j) letter in response to Appellant/Plaintiff Maverick Gaming's March 15, 2024 letter.

Maverick cites newly promulgated amendments to 25 CFR Part 293. The Federal Register Notice properly notes that one purpose of IGRA is to promote tribal interests, *see* 25 U.S.C. § 2702(1); 89 Fed. Reg. 13,232, 13,255 (Feb. 21, 2024). Maverick ignores IGRA's other express purposes including providing a statutory basis for the regulation of gaming to assure gaming is conducted fairly and honestly, and establishing the NIGC, an independent federal regulatory authority. 25 U.S.C. §§ 2702(2)-(3). Moreover, Maverick ignores the provisions in IGRA, codified at 18 U.S.C. §§ 1166-68, that vest the United States with enforcement jurisdiction over gaming activity on Indian lands. Those other purposes are not the subject of Part 293 and, therefore, not directly addressed in the Secretary's notice.

Moreover, Part 293 is just one part of a larger body of regulations regarding tribal gaming promulgated by Interior and the NIGC, 25 C.F.R. Parts 290-292, 501-585, including Part 573, which expressly addresses "Compliance and Enforcement." Moreover, the amendments at § 293.15 provide that the Secretary may disapprove a compact or amendment if it violates IGRA or other federal law.

The inherent tension between these statutory and regulatory purposes distinguishes the United States' interests from the Tribe's. Part 293, placed in context with the whole of the statutory and regulatory body of law regarding tribal gaming, reinforces the Tribe's position that the United States has many conflicting obligations and wears many hats in the context of tribal gaming. Tribe's Br. at 24, 30, 33-34, 38-39.

The Tribe also corrects Appellant's citation in its Reply Brief at 9, *United States v. 1020 Elec. Gambling Machs.*, 38 F. Supp. 2d 1219 (E.D. Wash. 1999). This Court remanded *1020 Elec. Gambling Machs.*, 205 F.3d 1353 (9th Cir. 1999). Maverick's assertion that *United State v. Spokane Tribe*, 139 F.3d 1297 (9th Cir. 1998), Tribe's Br. at 7, 11, 27-29, only applies to enforcement action by injunction, and not to equipment seizures and closure orders, is wrong.

Respectfully submitted,


*/s/ Scott Crowell*

*Counsel for Appellee/Limited Intervenor Shoalwater Bay Indian Tribe*